James C. WERNICKE; Danica Nagle, a single woman; Kira Nagle, a minor child, Defendants—Appellants,

v.

AMERICAN FAMILY MUTUAL IN-SURANCE COMPANY, a Wisconsin corporation, Plaintiff—Appellee.

No. 03–16512.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 17, 2005.

Decided May 26, 2005.

Charles Robert Hamm, Esq., Stephen M. Weiss, Esq., Michael L. Brown, Esq., Karp, Heurlin & Weiss, P.C., Tucson, AZ, for Defendants—Appellants.

Rebecca J. Herbst, Esq., Mariano & Allen, Carl F. Mariano, Esq., Lewis Brisbois Bisgaard & Smith, LLP, Phoenix, AZ, for Plaintiff—Appellee.

Before: HAWKINS, MCKEOWN, and CLIFTON, Circuit Judges.

MEMORANDUM *

Danica and Kira Nagle appeal the district court's entry of summary judgment in favor of American Family Mutual Insurance Company. Applying *State Farm Mutual Automobile Insurance Co. v. Falness*, 39 F.3d 966 (9th Cir.1994), we reverse and remand for further proceedings.

In *Falness*, we determined that a "so-called named insured exclusion" was beyond the range of the insured's reasonable expectations: "Whether the passenger spouse is considered as a named insured or as a member of the household, the insured driver would reasonably expect coverage for the spouse's claims." *Id.* at 966–68. We discern no meaningful distinction between the exclusion at issue in *Falness* and the exclusion at issue here.

Because the present exclusion is thus "unexpected," it may not be enforced if "the insured did not receive full and adequate notice." *Gordinier v. Aetna Cas. & Sur. Co.*, 154 Ariz. 266, 742 P.2d 277, 283–84 (1987). The record before us supports the appellants' claim that insured James C. Wernicke did not receive such notice. To be sure, Wernicke testified at his deposition that he received and read the policies—after he purchased them—but he also testified that at the time, he did not

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

notice or understand the relevant exclusions. *See Averett v. Farmers Ins. Co. of Ariz.*, 177 Ariz. 531, 869 P.2d 505, 508 (1994) ("When the exclusion was finally called to his attention, he said that he read but was unable to understand it.").

Under these circumstances, we believe the appellants' reasonable expectations claim should be considered by the finder of fact. *See id.* at 509. Accordingly, we reverse the summary judgment entered in favor of American Family and remand for further proceedings consistent with this disposition.

**REVERSED AND REMANDED.**